FILED
CLERK, U.S. DISTRICT COURT

SEP 30 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN EARL MAYS, ) | NO. ED CV 08-42-GPS(E) |
| ) | |
| Petitioner, ) | |
| ) | ORDER ADOPTING FINDINGS, |
| v. ) | |
| ) | CONCLUSIONS AND RECOMMENDATIONS OF |
| SHERIFF GARY PENROD, ) | |
| ) | UNITED STATES MAGISTRATE JUDGE |
| Respondent. ) | |
| ) | |

Pursuant to 28 U.S.C. section 636, the Court has reviewed the Petition, all of the records herein and the attached Report and Recommendation of United States Magistrate Judge. The Court approves and adopts the Magistrate Judge's Report and Recommendation.

IT IS ORDERED that Judgment be entered denying and dismissing the Petition without prejudice.

///
///
///
///

1  IT IS FURTHER ORDERED that the Clerk serve copies of this Order,
2  the Magistrate Judge's Report and Recommendation and the Judgment
3  herein by United States mail on Petitioner.
4
5  LET JUDGMENT BE ENTERED ACCORDINGLY.
6
7  DATED: ___SEP 2 5 2008_____, 2008.
8
9
10                              _____
11                              ~~GEORGE P. SCHIAVELLI~~
                                UNITED STATES DISTRICT JUDGE
                                GARY KLAUSNER
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN EARL MAYS,<br><br>        Petitioner,<br><br>   v.<br><br>SHERIFF GARY PENROD, et al.<br><br>        Respondent. | NO. ED CV 08-42-GPS(E)<br><br>REPORT AND RECOMMENDATION OF<br><br>UNITED STATES MAGISTRATE JUDGE |

This Report and Recommendation is submitted to the Honorable George P. Schiavelli, United States District Judge, pursuant to 28 U.S.C. section 636 and General Order 05-07 of the United States District Court for the Central District of California.

## PROCEEDINGS

Petitioner filed a "Petition for Writ of Habeas Corpus By a Person in State Custody" on January 14, 2008. It plainly appears from the face of the Petition that Petitioner is not entitled to habeas relief at this time. Consequently, the Petition should be

denied and dismissed without prejudice. See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## BACKGROUND

Petitioner, a detainee awaiting trial in California Superior Court on a felony charge, alleges that "prosecutorial misconduct" and "ineffective assistance of counsel" have denied Petitioner his right to a speedy trial (Petition at 2-8 and attachment thereto).

## DISCUSSION

This Court should abstain from interfering with the pending state criminal proceedings against Petitioner.[1] Except under narrow circumstances not here present, federal courts abstain from interfering with pending state criminal proceedings. See Younger v. Harris, 401 U.S. 37 (1971) ("Younger"); see also 28 U.S.C. § 2283. "Our circuit has stated that Younger abstention is appropriate if: '(1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to resolve federal questions.'" Dubinka v. Judges of the Superior Ct., 23 F.3d 218, 223 (9th Cir. 1994) (quoting Gartrell Constr., Inc. v. Aubry, 940 F.2d 437, 441 (9th Cir. 1991)).

---

[1] By Judgment entered September 27, 2007, this Court dismissed without prejudice a previous habeas proceeding in which Petitioner sought to challenge the validity of the state charge pending against him. As discussed herein, the same result should obtain in the present case.

All three requisites for Younger abstention exist in the present case. Petitioner's state criminal proceedings, which manifestly implicate important state interests, are ongoing. Petitioner has an adequate opportunity in the state proceedings, including state appellate proceedings, to resolve any federal questions that may have arisen during the proceedings.[2] See Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982) ("[w]here vital state interests are involved, a federal court should abstain unless the state law clearly bars the interposition of the constitutional claims") (citations and quotations omitted); U.S. ex rel. Robinson Rancheria v. Borneo, Inc., 971 F.2d 244, 253-54 (9th Cir. 1992) (the doctrine of abstention precludes a party from obtaining relief in federal court simply because the party disagrees with the result reached by the state courts).

In particular, Younger abstention applies where, as here, the pretrial detainee asserts a violation of his or her right to a speedy trial. Carden v. Montana, 626 F.2d 82, 84-85 (9th Cir.), cert. denied, 449 U.S. 1014 (1980) (detainees' "appropriate remedy is to proceed to trial and thereafter raise their speedy trial claim if they wish to do so"); accord Johnson v. Superior Court, 2006 WL 3716307 *1 (N.D. Cal. Dec. 15, 2006) ("neither the alleged ineffective assistance of counsel nor the alleged speedy trial problem warrant [or] require federal intervention in [the

---

[2] In the event Petitioner is convicted and exhausts state post-conviction remedies, Petitioner may be able to seek federal habeas relief. The Court expresses no opinion regarding the merits of Petitioner's claims.

```
 1 | petitioner's] ongoing criminal proceedings").
 2 |
 3 |                          RECOMMENDATION
 4 |
 5 |      For all of the foregoing reasons, IT IS RECOMMENDED that the
 6 | Court issue an Order: (1) approving and adopting this Report
 7 | and Recommendation; and (2) directing that Judgment be entered
 8 | denying and dismissing the Petition without prejudice.
 9 |
10 |      DATED: January 16, 2008.
11 |
12 |                              _____/S/_____
13 |                                   CHARLES F. EICK
                                UNITED STATES MAGISTRATE JUDGE
```

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.